HIRAM PEARSONS and RICHARD J. HAMILTON, appellants *v.* AMOS BAILEY, appellee.

*Appeal from the Municipal Court of the City of Chicago.*

A county surveyor is entitled to receive twenty-five cents and no more, for each lot contained in any town plat which he lays out, surveys, and plats.

If to lay out, survey, and plat a town, it is necessary to employ chainmen, it is then as much the duty of the surveyor to employ and pay them, as it is to furnish a chain or compass, or to draw the map.

The provision of § 5 of the act of Jan. 14, 1829, that "All chainmen necessary, shall be employed by the person wanting surveying done," does not apply to surveyors of town plats.

Where the bill of exceptions enables the Court to ascertain the sum that would have been recovered, if instructions asked for had been given, it is unnecessary to send the case back for a new trial; judgment will be rendered for that amount in the Supreme Court.

THIS was an action of *assumpsit* instituted in the Municipal Court of the City of Chicago, by the appellee against the appellants, upon the following accounts:

"Hiram Pearsons and Richard J. Hamilton
                              To Amos Bailey, Dr.
1836. July 27th, To cash paid for 16½ days' service as
      chainmen in laying out Hamilton and Pearsons'
      Addition to the Town of Canal Port, at $2        $33 00
1837. May 6th, To cash paid for 39½ days' service as
      chainmen, in subdividing the original lots in the
      Town of Canal Port, at $2                          79 00
                                                       _____
                                                       $112 00

AMOS BAILEY, Surveyor for the County of Cook."

"Hiram Pearsons and Richard J. Hamilton
                              To Amos Bailey, Dr.
1836. July 27th, To laying out and platting Hamilton
      and Pearsons' Addition to the Town of Canal
      Port, into 581 lots at 25 cents per lot,           145 25

1837. May 6th, Subdividing and platting seventy-five
out lots in the original Town of Canal Port into
1099 lots, at 25 cents per lot,                          274  75

                                       Amount total, $532  00
Amos Bailey, Surveyor for the County of Cook."

The declaration contained besides a count for services as sur-
veyor, counts for the services of the chainmen, and for money
paid them, and money paid, laid out, and expended for the de-
fendants. Plea non assumpsit.

The bill of exceptions shows that evidence was produced by
the plaintiff, to show that he paid the money to the chainmen,
and that he and his deputies surveyed the town of Canal Port,
and the addition thereto, and that he was the county surveyor of
Cook county, where the lands lie. It was also proved that the
account was presented to Pearsons, who refused to pay it;—that
the account was presented to Hamilton, who said he would pay
his part of it, if the plaintiff would execute a release to him,
which the plaintiff refused to do.

There was evidence to prove that Pearsons was interested in
the town and addition; that other persons were interested in the
land; and the only evidence of Hamilton's interest, was the
above acknowledgment of the account.

It was in evidence before the jury, that the pay of the chain-
men was for services in surveying the town of Canal Port and
addition, for which the charge of twenty-five cents per lot was
made in the account: that the charges in the bill were usual and
customary, and such as are charged in the country. There was
evidence conducing to prove that Pearsons made the contract for
the surveying, and that Hamilton recognised it by promising to
pay his part on receiving a release.

The defendants' counsel moved the Court to instruct the jury,
—First, " That under a count in the declaration by the plaintiff,
as surveyor of the county, he could recover no other fees than
such as are allowed to such an officer by the Statute."

Secondly, " That the plaintiff could not recover for money
paid to chainmen for surveying and subdividing lots for which
he had charged twenty-five cents each; but that his right of re-
covery for such services, must be limited to the fees allowed by
the statute,"

Thirdly, " That if there were other owners of the land, the
plaintiffs could not recover from the defendants without making
the other owners parties." The Court refused to give these in-
structions, and the defendants excepted.

The cause was tried before the Hon. Thomas Ford and a jury,

Pearsons *et al. v.* Bailey.

and a verdict rendered for the plaintiff in the Court below, for $532, from which the defendants appealed to this Court.

The cause was tried at the July term, 1837.

JAMES GRANT, for the appellants, contended that the compensation of county surveyors, for surveying and platting town lots, is limited to twenty-five cents per lot for all services; and that the Court should have given the instructions asked. He cited R. L. 296, 601; 2 Stark. Ev. 101.

J. YOUNG SCAMMON, for the appellee:

There was no claim of more than the legal fees prescribed by statute, in the count as surveyor of Cook county, and consequently there was no occasion to instruct the jury that the plaintiff could not recover what he did not claim.

There were other counts in the declaration, under which the services of the chainmen, or the money paid the chainmen, could be recovered.

The refusal of the Court to give the instructions asked, could not have misled the jury.

It must appear that the facts existed which required the instructions asked; else the refusal to give them cannot be assigned for error. Law *v.* Merrill, 6 Wendell 268; Wendell's Dig. 247.

The act of Jan. 14, 1829, expressly provides that " All chainmen necessary shall be employed by the person wanting the surveying done." R. L. 592 § 5.(1)

LOCKWOOD, Justice, delivered the opinion of the Court:

It appears from the bill of exceptions taken in this cause, that this was an action of *assumpsit* commenced by Bailey, the plaintiff below, to recover of Pearsons and Hamilton, the defendants, the sum of $112,00 for money paid to chainmen, and $420 for the surveying, laying out, and platting town lots in the town of Canal Port and the addition thereto, making together the sum of $532,00 ; for which Bailey obtained judgment. On the trial of the cause, the defendants asked the Court to instruct the jury, that under a count for services as surveyor, the plaintiff could recover no other fees than such as are allowed by statute, and that the plaintiff could not recover for money paid to chainmen, where the surveyor had charged twenty-five cents for each lot laid out, and that his right of recovery must be limited to the fees allowed by statute.

This instruction the Court refused to give, and the defendants excepted.

By the 10th section of the " *Act to provide for the recording of town plats,*" passed 27th February, 1833, it is provided " That the county surveyor, who shall lay out, survey, and plat

(1) Gale's Stat. 669.

2Q*

Pearsons *et al. v.* Bailey.

any town or addition, shall be entitled to receive twenty-five cents for each and every in and out-lot, and the recorder of the county, recording the same, shall receive the sum of four cents, for each and every lot the same may contain."(1)    Under this section of the act, it is clear that the charge of twenty-five cents for each lot, embraces all the compensation the surveyor is entitled to demand.

If to lay out, survey, and plat a town, it is necessary to employ chainmen, it is then as much the duty of the surveyor to employ and pay them, as it is to furnish a compass and chain, or to draw the map.    The chainmen are a part of the means by which the surveyor is enabled to perform the service.    No one doubts that if a person employs a mechanic for a stipulated sum to build a house, that he cannot, in addition, charge for the persons employed in making mortar, or for other laborers employed in the construction of the house, and yet they are as necessary to the completion of the job, as the chainmen employed by a surveyor. In neither case can the work be done without the employment of assistants and servants, and the wages paid them comes out of the sum stipulated in the one case, and the fees allowed in the other.

It was however contended in the argument, that the 5th section of the "*Act regulating the appointment and duties of County Surveyors,*" passed 14th January, 1829,(2) by which it is provided, that "All chainmen necessary shall be employed by the person wanting surveying done," made it incumbent on the defendants to employ the chainmen, and if they neglected to do so, the surveyor might employ and pay them, and then the law would raise an implied promise on the part of the defendants, to refund the money.    A careful examination of this act, however, satisfies the Court that the requisition contained in the section quoted, does not apply to the surveyors of town plats.    The next section of the same act, requires that before any surveys under the act, shall be performed, the surveyors shall furnish themselves with field notes of the original surveys, and the act also gives specific directions as to the manner in which the survey shall be made, and the lines and corners marked.    These directions can have no application to the survey of town plats; and they are only intended to apply to the establishing of lines and corners of sections of public lands, as surveyed by the United States, and to such subdivisions thereof, as convenience may require.    The fee allowed for this service in the fee bill, is so small, that if the surveyor had to furnish and pay the chainmen, he would frequently have to expend more than his whole fee.    There is, therefore, a great propriety under the act for the appointment of surveyors, in compelling the persons wanting surveying done,

(1) R. L. 601; Gale's Stat. 678.        (2) R. L. 592; Gale's Stat. 669-70.

to employ the chainmen. The same reason does not exist under the act directing the mode of laying out towns. The compensation allowed under this act, it is believed, is sufficiently liberal, to require a surveyor to pay the chainmen out of his fees. It is also to be observed, that the act requiring the county surveyor to be employed to survey town plats, was passed subsequent to the act regulating the appointment of county surveyors; and it is fairly to be presumed that when the legislature directed that the proprietors of towns should employ the county surveyor to lay out, survey, and plat towns, and affixed a compensation for the surveyor's services, that they meant to include in that compensation, not only a sufficient remuneration for the surveyor's time, but all the expenses that he would be under the necessity of incurring, in order to perform the duty.

If, then, chainmen were necessary, as we have no doubt they were, and there was no express promise on the part of the defendants to pay them, we are of opinion, it was the duty of the surveyor to provide them at his own expense.

From this construction of these statutes, it results, that the Court below decided erroneously, in refusing the instructions asked; and for this reason, the judgment below is reversed with costs. But as the bill of exceptions enables this Court to ascertain the sum that would have been recovered, if the instructions had been given, it is unnecessary to send this case back for a new trial. Judgment is accordingly rendered in this Court for $420: for which sum and the costs of the Court below, Bailey is entitled to an execution.

*Judgment reversed,* and judgment rendered in this Court.